Filed 12/30/24  P. v. Ogando CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083128 |
| v. | (Super.Ct.No. FSB22000392) |
| JUAN RICARDO OGANDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rafael Arreola, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Juan Ricardo Ogando was charged by information with two counts of committing a lewd act upon a child under the age of 14. (Pen. Code[1], § 288, subd. (a), counts 1 & 2.) The information also alleged that numerous aggravating factors applied. (§ 1170, subd. (b)(2).)

Prior to trial, the trial court ordered a psychiatric evaluation of defendant, under section 288.1. Defendant was evaluated by a psychologist, who found that he did not meet the criteria for being a pedophile. The psychologist recommended that he be granted probation.[2]

A jury found defendant guilty of both counts and found true the aggravating factors that the victim was particularly vulnerable, and defendant took advantage of a position of trust to commit the offense. In view of the aggravating factors, the trial court sentenced defendant to the upper term of eight years on count 1 and two years (one-third the midterm) on count 2. It also issued a 10-year protective order, prohibiting contact with defendant's wife and children.

Defendant filed a timely notice of appeal. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] Two other psychologists evaluated defendant and filed reports, but the parties stipulated that those reports were inadequate.

2

## FACTUAL BACKGROUND

At the time of trial, the victim (defendant's daughter) was 19 years old. She testified that, in 2016, when she was 11 years old, defendant was sleeping next to her and started massaging her. Defendant routinely massaged her during her childhood, but this time, he placed his hand under her shirt and moved his hand toward her chest. She felt uncomfortable and confused. On another occasion, the victim woke up to defendant raising her knees up to her waist, putting his waist to her buttocks, and repeatedly moving his pelvis against her. She said she felt his penis touching her. The victim testified there were other incidents over the next few years when defendant would massage her and then rub different parts of her body with his penis.

In 2021, the victim confronted defendant about his conduct, and he gave her different excuses, such as her mother (mother) was working a lot at the time so they "weren't having that kind of attention with each other." The victim asked if they should tell mother, and defendant said no, because the mother was going through chemotherapy for her ovarian cancer, so it would be too much for her. Defendant said they should never tell mother.

In 2022, the victim told her youth pastor about defendant's conduct because she "couldn't handle it anymore." A few days later, the victim told mother as well.

The victim testified that, on another occasion, she was talking to mother about "everything going on," when defendant walked in on the conversation and said he wanted to talk to her. Defendant was very emotional and repeatedly apologized to the victim.

However, the next day, he went back to making excuses for his behavior. Subsequently, the victim reported defendant's conduct to the police.

At trial, mother testified that she found out about defendant's sexual abuse of their daughter in 2022. Mother said she was shocked and had no idea. She also confirmed that she was diagnosed with ovarian cancer in 2021 and was in active treatment until October 2021. Mother testified that the victim said the abuse occurred "about two times a month for many years." Mother confronted defendant, and he admitted his inappropriate conduct.

A police detective also testified at trial and said he was provided a referral from Child Protective Services regarding defendant's conduct toward the victim. The detective interviewed the victim, and she disclosed "multiple events of abuse." The detective contacted defendant and later interviewed him at the police station. An audio recording of the interview was played for the jury. The detective gave defendant an opportunity to apologize to his daughter, and the apology was recorded and played for the jury, as well.

Defendant testified on his own behalf and denied ever touching the victim inappropriately.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

4

the case and the following potential arguable issues: (1) whether the court abused its discretion in sentencing defendant to the upper term when the mental health evaluations found he was not a pedophile, and the psychologist recommended probation; and (2) whether the court abused its discretion when it permitted the prosecution "to present evidence through [the victim] of [his] other acts of a sexual nature." Counsel has also requested this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
          Acting P. J.

MILLER
          J.

5